**MATALON Esquires PC**
**Joseph Lee Matalon (NJ Bar No. 036611992)**
**1602 Lawrence Avenue**
**Suite 110**
**Ocean, New Jersey 07712**
**(212) 244-9000**
**JLM@trial-lawyer.org**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------:

**N29NY LLC,**

        **Plaintiff,**　　　　　　　　　　　　　　　　Docket No. 25-cv-____

    -vs.-

**FEDERAL AVIATION ADMINISTRATION,**

        **Defendant.**

-------------------------------------------------------------:

    Plaintiff N29NY LLC, through its undersigned counsel, complaining of the U.S. Federal Aviation Administration (FAA), alleges as follows:

## INTRODUCTION

    1.    This is an action to annul an arbitrary, capricious and erroneous action by the FAA which made plaintiff's tail number N29U available to the public while plaintiff's request to assign that tail number from one of its aircraft to another was pending. The tail number should never have been made publicly available, and this Court should enter an order or judgment compelling the FAA to restore N29U to plaintiff so that the transfer process can be completed as intended (and as was pending).

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a limited liability company formed under the laws of New York with a principal place of business at 8 Musket Lane, Eatontown, New Jersey. Plaintiff's sole member is Joseph Lee Matalon, an instrument-rated pilot. (Incidentally, Mr. Matalon is also the attorney representing plaintiff in this action.)

3. Defendant is the U.S. federal agency authorized to administer, among other things, the registration of aircraft in the United States, and the allocation, assignment and transfer of registration markings (commonly known as "tail numbers").

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. §§ 701–706 (Administrative Procedure Act).

5. Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(c) and (c)(2).

## FACTS

6. In or about late 2015, plaintiff acquired a 2005 Cirrus SR22 aircraft, Serial No. 1282 ("SR22").

7. Upon acquisition, the SR22 bore registration number N343JH.

8. The FAA has a program whereby available tail numbers can be reserved by members of the public and assigned to a particular aircraft.[1]

---

[1] There is no limit to the number of tail numbers an individual or entity can reserve. A secondary market has evolved whereby desirable tail numbers are reserved by businesses with no intention of using them, but with the intention of "selling" (assigning) the tail number for profit. See, e.g., short-n-numbers.com and n-num.com. These businesses reserve desirable numbers online, literally within seconds after midnight on the day they become available in the public

9. After plaintiff acquired the SR22, it purchased the tail number N29U from a reseller and went through the process of officially having it assigned to the SR22. The SR22 was continuously registered as N29U from approximately 2016 through the events complained of herein.

10. "29" is a number with personal meaning to plaintiff's owner, which is why he chose and purchased the tail number N29U. Aside from proudly displaying this desirable "short" N number on his aircraft, he has obtained various articles of personal property bearing N29U, including apparel, artwork and furnishings. His vanity automobile license plate bears a 29 (STAYC29); he has formed entities with that number (for example, Page 29 LLC and the plaintiff herein, N29NY LLC). He even had a suit embroidered with "N29U" on the inside.

11. In 2024, plaintiff acquired a newer and more capable aircraft, a 2021 Cirrus SR22T, serial number 2418 (the "SR22T"). It bore registration N968JA at the time of acquisition.

12. Plaintiff sought to transfer N29U to the SR22T in lieu of the existing N968JA. To accomplish that, plaintiff's owner reserved the available tail number N29UA which, when being affixed to the SR22, would involve just adding a single letter at the end.

13. After N29UA was reserved, plaintiff wrote to the FAA on or about December 26, 2024, requesting that N29UA be assigned to the SR22, and that N29U be transferred from the SR22 to the SR22T – both airplanes having the same ownership. See Exhibit A hereto. Plaintiff

---

pool, and then resell them to interested owners for sometimes exorbitant sums. For example, the nephew of plaintiff's owner recently paid $50,000 to obtain a tail number bearing his initials.

Desirable tail numbers, such as N29U, tend to have fewer alphanumeric characters. All U.S. tail numbers begin with the letter N and are then followed by 1 to 5 permissible characters (14 CFR 47.15(b)).

included evidence that $20.00 in fees had been paid to the FAA via the Pay.gov website, as permitted by the FAA.

14. By letter dated March 25, 2025, the FAA acknowledged receipt of the request. See Exhibit B hereto.  The FAA stated that "We may authorize the change of registration number for CIRRUS DESIGN CORP SR22T, serial number 2418, N968JA, upon receipt of a $10 number change fee.  [¶] N29UA is assigned to Cirrus Design Corp SR22, serial number 1282.  When N29UA is removed from 1282. We may complete your N-Number Change."  (The reference to N29UA in the preceding sentences is an obvious typographical error; the FAA meant to refer to N29U, the number then assigned to the SR22 needing to be "removed.")

15. Plaintiff thus understood that, in accordance with the express instruction in the March 25 letter, the FAA would "complete [plaintiff's] N-Number Change" once the number was "removed from 1282" (the SR22).  In other words, plaintiff could not proceed simultaneously, but needed to "free" N29U from the SR22 before the FAA could "complete [the N-Number Change."

16. Accordingly, plaintiff again requested that N29UA be assigned to the SR22.  That request was approved by the FAA; N29UA was affixed to the SR22; and the FAA issued a new registration certificate for the SR22 bearing the new tail number.  (Exhibit C hereto.)  The new registration certificate was postmarked July 17, 2025 (a Thursday), and received in Eatontown, New Jersey on or about July 19, 2025 (a Saturday).

17. Plaintiff immediately proceeded to request assignment of N29U to the SR22.  By letter emailed on July 20, 2021 to the email address designated by the FAA for filings, and stamped "FILED WITH FAA AIRCRAFT REGISTRATION BR" on July 21, 2025 at 10:13 a.m. (see Exhibit D), plaintiff wrote:

4

> I am the sole member of N29NY LLC. I am writing to request that the registration number N29U be assigned to the following aircraft:
>
> 2021 Cirrus SR22T, Serial No. 2418, current registration N968JA
>
> N29U was recently removed from another aircraft owned by this entity, and replaced with N29UA. Accordingly, N29U is available for assignment to the aircraft listed above.
>
> Please note that I paid for this transaction via pay.gov. Attached is the receipt for $20.00. $10 was used for the transaction assigning N29UA, and $10 is the remaining balance, which I am using now. (I previously requested that both transactions occur simultaneously, but was advised they had to proceed one at a time.)

18.     By letter dated September 8, 2025, the FAA acknowledged receipt of plaintiff's July 2025 "letter in regards to a number change for your aircraft CIRRUS DESIGN CORP SR22T serial number 2418, N968JA." The letter denied plaintiff's request to have N29U assigned to the SR22T on the grounds that "The number requested is not available for reservation or a number change request. N29U is currently reserved to another party." (Exhibit E)

19.     It appears that *after* plaintiff's second request to assign N29U to the SR22 was received by the FAA on July 21, the FAA on or about July 29 made N29U available to the public, and it was instantly reserved by someone unaffiliated with plaintiff. Thus, the sole reason N29U was "not available for reservation or a number change request" (Exhibit E) is the FAA's arbitrary, capricious and erroneous actions making N29U available to the public --despite being on notice from as early as December 2024 that plaintiff sought to transfer that number from one of its aircraft to another.

20.     Plaintiff's efforts to resolve this matter with the FAA short of legal action have failed. Accordingly, this action has ensued.

## **COUNT**

21. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

22. The FAA's action in making N29U available to the public and denying plaintiff's request to assign N29U to the SR22T constitutes "final agency action" within the meaning of 5 U.S.C. § 704.

23. The cited reason for denying the request -- that the number was not available for assignment because it "is currently reserved to another party" – stems from the FAA's own arbitrary, capricious and erroneous action in making the number available "to another party" in the midst of the process initiated by plaintiff to transfer N29U from one of its aircraft to another. Indeed, the FAA itself notified plaintiff in March 2025 that it could "complete [plaintiff's] N-Number Change" once the tail number was "removed from 1282" (the SR22). Plaintiff followed the FAA's directions: it arranged for removal of N29U from the SR22, and immediately requested assignment of that tail number to the SR22T, but that request was ignored, and the FAA improperly allowed an unrelated party to reserve N29U. Accordingly, defendant's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as prohibited by 5 U.S.C. § 706(2)(A).

24. In plaintiff's discussions with FAA personnel, the FAA tried to defend its actions on the ground that plaintiff was required to "reserve" the number before requesting that it be assigned to the SR22T. For the below reasons, that is an arbitrary and capricious position, and in any event, plaintiff's December 2024 and/or July 2025 letters should have been deemed and construed as a request to reserve the tail number, if in fact such a "reservation" was required.

25. <u>First</u>, defendant's March 25 letter advised that the requested transfer could be "complete[d]" once N29U was "removed" from the SR22. The FAA never advised plaintiff that it was requiring an interim "reservation." Plaintiff relied on the March 25 letter and followed the process set forth therein. Obviously, if the FAA had advised plaintiff that it needed to "reserve" its own tail number after it was removed from the SR22, it would have done so.

26. <u>Second</u>, there is no regulation that requires a "reservation" in these circumstances, nor would any such requirement make sense when a tail number is being moved from one aircraft owned by an entity to another of its aircraft.

27. <u>Third</u>, the process to reserve a tail number entails filling out an online form after confirming that the number is available. It would have been impossible for plaintiff to reserve N29U through that mechanism, because it would not have been shown as available for reservation. Moreover, once it was made available, it would have been "sniped" instantly.

28. <u>Fourth</u>, to the extent that the FAA will respond to the previous point that it would have accepted a reservation from plaintiff via letter, instead of through the online process, plaintiff in fact wrote letters to the FAA in December 2024 and July 2025 -- before N29U was returned to the public pool -- and specifically asked that N29U be assigned to the SR22T. If a letter reservation was required to accomplish that, then the letters should have been construed as such; otherwise the requests would have been meaningless. Instead of deeming the letter a request to reserve, the FAA made plaintiff's tail number N29U available to the public, and then in a Catch-22, denied the transfer request on the ground that the number was not available.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Issue a judgment declaring that the FAA's actions in making N29U available to the public, and then denying plaintiff's request that N29U be assigned to the SR22T on the ground that it had been reserved by another party, is unlawful, arbitrary, and capricious.

B.  Enter a judgment or order compelling the FAA to assign N29U to Cirrus SR22T, serial number 2418.

C.  Remand the matter to the FAA for proceedings consistent with the Court's judgment or order.

D.  Award plaintiff its costs and reasonable attorneys' fees incurred in this action.

E.  Grant such other and further relief as the Court deems just and proper.

MATALON Esquires PC

By: *Joseph Lee Matalon*
    Joseph Lee Matalon
1602 Lawrence Avenue, Suite 110
Ocean, New Jersey 07712
(212) 244-9000
*Attorneys for Plaintiff*
   N29NY LLC

Dated: September 25, 2025